IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SYMBOLOGY INNOVATIONS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-1755-L-BN |
| | § | |
| YVES SAINT LAURENT AMERICA | § | (Consolidated with Nos. |
| INC, BOTTEGA VENETA INC, and | § | 3:23-cv-1902-L & 3:23-cv-1881-L) |
| ALEXANDER MCQUEEN | § | |
| TRADING AMERICA INC., | § | |
| | § | |
| Defendants. | § | |

## ORDER REGARDING LOCAL COUNSEL REQUIREMENT

Local Civil Rule 83.10(a) requires the appearance of local counsel in any case in which "an attorney appearing in a case does not reside or maintain the attorney's principal office in" the Northern District of Texas – even where an attorney resides or maintains the attorney's principal office outside the Northern District of Texas but within 50 miles of the courthouse in the division in which the case is pending in this district (here, the Dallas Division).

"Local counsel" means an attorney who (1) is a member of the bar of (that is, is admitted to practice in) the Northern District of Texas, (2) resides or maintains the attorney's principal office in the Northern District of Texas, and (3) has a residence or principal office that is located within 50 miles of the courthouse in the division in which the case is pending.

Attorneys who are subject to Local Civil Rule 83.10(a)'s local counsel requirement and wish to proceed without local counsel must obtain leave from the

presiding judge by filing a motion for leave to proceed without local counsel.

The Court has considered the record in this case, including attorney M. Scott Fuller's Notice of Appearance as Local Counsel [Dkt. No. 9], which reports that "Mr. Fuller is admitted to the bar of the U.S. District Court for the Northern District of Texas and is in good standing; and his personal residence in Plano is located within 50 miles of the courthouse in this district." Dkt. No. 9 at 1. But Plano, Texas lies in both Collin and Denton Counties and is within the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(3).

And, so, the Court orders Plaintiff to file one of the following by **Monday, March 11, 2024**:

(1) a response to this order, demonstrating why counsel is not subject to, or is exempt from, Local Civil Rule 83.10(a)'s requirements or pointing out how and when local counsel has previously been designated;

(2) under Local Civil Rule 83.10(a), a motion for leave to proceed without local counsel; or

(3) a designation of, and the entry of appearance by, of local counsel satisfying Local Civil Rule 83.10(a)'s requirements and stating local counsel's address and telephone number, as required by Federal Rule of Civil Procedure 11(a) and including the information that Local Civil Rule 10.1(b) requires. Counsel who are not members of the bar of this court and have not been admitted pro hac vice in this case must at the same time apply for admission to the Bar or for admission pro hac vice.

Failure to timely comply with this order will result in a recommendation of

-3-

dismissal without prejudice of this case without further notice.

    SO ORDERED.

    DATED: February 26, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE